Opinion delivered May 23, 1888.

### No. 5979.

### C. P. Walker v. The State.

Selling Intoxicating Liquor to a Minor — Evidence.—It is competent, on a trial for selling intoxicating liquor to a minor, for a witness to testify to the physical marks of age of the alleged minor, but it is not competent for the witness to express his opinion as to how such physical marks of age would impress others. Whether or not the accused knew the purchaser of the liquor to be a minor, was a question for the jury to solve.

Appeal from the County Court of Mitchell. Tried below below before the Hon. W. S. Smallwood, County Judge.

This conviction was for selling intoxicating liquor to a minor, and the penalty imposed upon the appellant was a fine of twenty-five dollars.

Briefly stated, the evidence shows that the defendant, a retail liquor dealer, sold a glass of beer to Otto Krebs. The said Otto Krebs testified that he was seventeen years old, but that, when he called for the beer in defendant's saloon the defendant asked him how old he was, and he replied that he was twenty-one years old. Three witnesses for the State testified that in physical appearance and size Otto Krebs was not a man, and that it was reasonably apparent to an ordinarily prudent man that the said Otto Krebs was not twenty-one years old.

Two witnesses for the defense testified that, judging from Otto Krebs's size and physical development, they would take him to be nineteen or twenty years old, and would believe him if he told them that he was twenty-one years old.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This appeal is from a conviction for selling intoxicating liquors to a minor. At the trial, over objection of defendant as shown by bills of exception, three witnesses were allowed to testify that in size and physical appearance the party to whom the liquor was sold was not a man, and that it was reasonably apparent to the observation of an ordinarily prudent man that he was not twenty-one years of age.

As was said by this court in the case of Koblenschlag v. The State, 23 Texas Court of Appeals, 264: "The age, appearance, etc., of the minor might very properly be shown; but it is not permissible for the witness to give his opinion as to how others would be impressed by these physical marks of age. It was the province of the jury to determine whether from these the defendant knew that in fact the party was a minor."

The Assistant Attorney General confesses error on account of the rulings of the court in admitting this testimony, and the judgment is reversed and cause remanded.

*Reversed and remanded.*